## No. 354.

### A. D. BATTLE v. W. JENKINS.

Upon the question of the nature of the evidence necessary to prove a planting partnership, presented in defendant's bill of exceptions in this suit, the court knows of no law which requires the proof to be in writing.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee*, J. *Nutt & Leonard*, for plaintiff and appellee. *Land & Taylor*, for defendant and appellant.

HOWELL, J. This is a suit for the settlement of a planting partnership, shown to have existed between plaintiff and defendant during the year 1867, and to establish a privilege on the crop in favor of Gilmer & Hopkins, the commission merchants of the plaintiff, for a debt contracted by the latter. The defendant has appealed from a judgment in favor of plaintiff, for the use of Gilmer & Hopkins and against the defendant, for $594 37, with legal interest from the first January, 1868,

in full settlement of the planting partnership and of their personal accounts to first January, 1868, and sustaining the sequestration taken out by plaintiff, with all costs. The plaintiff asks that the judgment be increased to $841 01.

The principle on which the partnership accounts should be adjusted, when no different agreement is shown, is, that each should share equally in the profits and losses, and each should contribute equally to the payment of the expenses. If one has paid more than the other, the one who has paid less owes to the other the sum necessary to make the payments equal.

In this case the items and amounts of the expenses are somewhat unsatisfactory, as presented in the evidence, but we will adopt the figures of the plaintiff's counsel, but not their mode of adjustment.

The value of the crop is _____$3,854 23.

The amount of the expenditures is _____ 3,540 60

Amount of profits to be divided _____ $313 63

The share of each is the half, $156 81½.

The whole crop being in the hands of the defendant, he must account to the plaintiff for the one-half of the profits ($156 81½), but it appears that the defendant paid $2749 55 of the expenses, while he was bound for only the one-half, to wit: $1770 30 (one-half of $3540 60, as above). The difference is $979 25, which the plaintiff must make up, and which added to the amount paid or furnished by the plaintiff, to wit, $791 05, makes $1770 30, the half of the whole expenses. From this sum of $979 25, due by plaintiff to the defendant on account of the expenses, the share of plaintiff in the profits ($156 81½) must be deducted, which leaves $722 43½ due by plaintiff to defendant. On the theory on which the foregoing calculation is based, we do not allow the charge for the board and lodging of plaintiff and his wife. They furnished their own room, and the nature of the items of expenses indicates that the table was probably supplied at the common expense.

But the account of plaintiff against defendant for $296 65, which is proven to be correct, seems to be entirely distinct from the partnership affairs, and should, under the pleadings and evidence, be allowed to plaintiff. This leaves the plaintiff's indebtedness to defendant on a general settlement to be $435 78½. We will add that the other items in defendant's account against plaintiff, besides the board, are accounted for or explained by the latter.

Upon the question of the nature of the evidence necessary to prove a planting partnership, presented in defendant's bill of exceptions, we will remark that we know of no law which requires the proof to be in writing. There is in it no partnership in the ownership of real estate,

or in the usufruct or use of real estate, in the sense contended for by defendant's counsel.

It is therefore ordered that the judgment appealed from be reversed, and that the defendant recover of plaintiff $435 78⅓, with legal interest from first of January, 1868, in full settlement of their partnership and personal accounts for the year 1867, and costs in both courts.

## ON REHEARING.

HOWELL, J. Upon a re-examination of this case, we think we erred both in the "figures" and the "mode of adjustment" adopted by us in our former opinion, and we now adopt the calculation and conclusion of the district judge, who gave the facts a thorough analysis, and whose decree has done justice to the parties as nearly as can be under the circumstances presented in the record. He found that the expenditures exceeded the value of the crop, and made the defendant, who had in his possession the crop or its proceeds, account to plaintiff for a sum proportionate to the amount contributed by the latter, embracing in the settlement the personal accounts of the two partners. In their brief the plaintiff's counsel say the judgment of the court *a qua* is erroneous only in not allowing plaintiff enough. We think it allows as much as he is entitled to in the most favorable view. But we can not, under the unsatisfactory evidence, reduce the amount or give judgment in favor of defendant, who has retained the crop.

It is therefore ordered that our former decree be set aside, and that the judgment appealed from be affirmed with costs.